UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN STANDARD INC. and AMERICAN STANDARD INTERNATIONAL INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT R. WILLIAMS, ROBERT R. WILLIAMS CO., INC., an Alabama Corporation, WILLIAMS-TRANE AUTOMATION AND CONTROLS, INC., a Florida Corporation, WILLIAMS-TRANE OF FLORIDA, INC., a Florida Corporation and WILLIAMS-TRANE, INC., an Alabama Corporation, <br><br> Defendants. | CIV. A. NO.: 04-286-WS-L |

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

Plaintiffs American Standard Inc. and American Standard International Inc. (collectively "Trane") having brought this action against Defendants for trademark infringement, *inter alia*, of certain Trane trademarks, service marks, (collectively "the Trane Marks" and attached as Exhibits 1-8 hereto) and the Trane trade name; and

WHEREAS, in 1965, Trane entered into an agreement ("the Agreement") with Defendant Robert R. Williams Co., Inc. ("Williams Inc.") whereby Williams Inc. acted as an independent sales agent for Trane to sell certain heating, ventilation and air conditioning ("HVAC") equipment, systems and parts ("Products"), and to perform

certain service on such Products; and

WHEREAS, the Agreement licensed Williams Inc. the right to use the "Trane" name until the Agreement was terminated;

WHEREAS, Williams Inc. and its principal, Robert R. Williams ("Williams"), established three other companies to help perform the actions required under the Agreement and under Trane policy, including Defendants Williams-Trane, Inc., Williams-Trane Automation and Controls, Inc., and Williams Trane of Florida, Inc.;

WHEREAS, Trane terminated the Agreement on May 30, 2004;

WHEREAS, despite termination of the Agreement, the Defendants did not cease using the Trane Marks in commerce;

WHEREAS, Defendants now hereby consent, through their undersigned counsel of record, to entry of a permanent injunction as set forth herein; it is hereby

**ORDERED** that the Defendants' adoption and continued use of the Trane Marks and Trane trade name after termination of the Agreement has caused and is likely to continue causing confusion among consumers as to the source, sponsorship and affiliation of the Defendants' Products.  It is further

**ORDERED** that the Defendants, their principals, officers, directors, agents, servants, employees, partners, attorneys, successors and assigns, and all persons acting for, with, by, through, or under their, his, her or its control, and all those in privity, active concert or participation with each of them, jointly and severally, shall immediately discontinue the using and refrain from using the Trane Marks and Trane trade name or any other confusingly similar trademark or trade name and shall immediately take the following corrective action:

Remove and discontinue using the Trane Marks and Trane trade name or any other confusingly similar trademark or trade name in all business names, corporate names, Web site domain names, or email addresses;

Remove and discontinue using the Trane Marks and Trane trade name from their Web sites and allow Plaintiffs' representative access to the Defendants' Web sites to remove all instances of the Trane Marks or Trane trade name;

Remove and discontinue using the Trane trade name found in facsimile signatures of any and all facsimile machines owned by the Defendants;

File with the appropriate governmental entities the Articles of Amendment to the Articles of Incorporation for Williams-Trane, Inc., Williams-Trane Automation and Controls Inc., and Williams Trane of Florida, Inc. and any other required resolution or minutes of each corporation, which has been effectuated, to change these entities' names such that the word "Trane" is removed from each such name. Defendants shall forward copies of all filings and responses from the State of Alabama to Plaintiffs regarding the above-mentioned amendments. Defendants shall forward such correspondence to Plaintiffs no later than 10 business days from receipt;

Remove and discontinue using the Trane Marks and Trane trade name, or any other confusingly similar trademark or trade name, found on all vehicles, including but not limited to service and delivery trucks. Removal can be accomplished by any means including but not limited to removing decals or painting over those sections of the vehicles so that the entirety of the Trane Marks and Trane trade name is not visible;

Remove and discontinue using the Trane Marks and Trane trade name, or any other confusingly similar trademark or trade name, as they appear on Defendants' buildings themselves, outdoor signs attached or placed on the buildings, or on signs on or near the Defendants' surrounding properties;

Discontinue using the Trane Marks and Trane trade name,

or using any other confusingly similar trademark or trade name, on (i) all of Defendants' form documents including but not limited to letterhead, business cards, fax cover sheets, purchase orders, sales orders, service tickets or invoices, and (ii) promotional literature and advertisements unless expressly authorized by Trane;

Destroy all existing unused form documents bearing one or more of the Trane Marks or the Trane trade name including but not limited to letterhead, business cards, fax cover sheets, purchase orders, sales orders, service tickets, or invoices;

Certify in writing to Plaintiff Trane the destruction of the documents and things identified in subparagraph 8 of this Ordered paragraph within 10 business days of such destruction and identify what documents and things were destroyed;

Discontinue using the Trane name or any other confusingly similar trade name when answering the telephone and circulate a memorandum in the form of Exhibit 9, attached hereto, amongst all employees advising them of the protocol for answering the telephone and otherwise communicating and representing the Defendants to the public;

Contact any national or local telephone company in which the Defendants' have placed a listing that incorporates the Trane Marks or the Trane trade name into the listing and have such listings removed.  After this is done, Defendants shall certify in writing to Plaintiff Trane that such action was taken and identify those phone books where the listings were removed within 10 business days;

Discontinue any activity constituting an infringement of the distinctive Trane Marks or Trane trade name, or Plaintiffs' rights to use or exploit the same;

Discontinue any activity which would dilute the distinctive quality of Plaintiffs' Trane Marks or the Trane trade name; and

Such other corrective action that is necessary to assure compliance with the injunction set forth in this Order; and

it is further

**ORDERED** on consent that this Consent Judgment and Permanent Injunction shall take effect upon execution by the parties without any further notice to Defendants; and it is further

**ORDERED** that the parties hereby waive all rights to appeal this Consent Judgment and Permanent Injunction; and it is further

**ORDERED** that this Consent Judgment and Permanent Injunction is binding upon and constitutes *res judicata* between the parties.

**CONSENTED TO:**

By: _____     By: _____
     Bradley R. Byrne                              Edward R. Jackson
     Adams and Reese LLP/                 Jackson, Fikes, Hood & Brakefield
      Lange & Simpson                         P.O. Box 748
     P.O. Box 1348                              Jasper, Alabama  35502
     Mobile, Alabama  36633

     Attorneys for Plaintiffs                  Attorneys for Defendants
     American Standard Inc. and American     Robert R. Williams Co., Inc., Robert R.
     Standard International Inc.               Williams, Williams-Trane Automation
                                                  and Controls, Inc., Williams-Trane
                                                  Florida, Inc., and Williams-Trane, Inc.

DONE and ORDERED this 22nd day of June, 2005.

                                                        s/ WILLIAM H. STEELE
                                                        UNITED STATES DISTRICT JUDGE